In this expedited appeal, Ginette A. Dow appeals from the trial court's summary judgment in favor of the Alabama Democratic Party ("the Party"), upholding the Party's decision that Dow was not qualified to appear as the Party's candidate for a district judgeship in Jefferson County in the November 2004 general election. We affirm.
 I. Facts
On April 2, 2004, Dow announced and declared her candidacy for district court judge, 10th Judicial Circuit, place 10, Jefferson County, for the Party's June 1, *Page 1037 
2004, primary election. On April 6, 2004, George Higginbotham, a registered voter and resident of Tuscaloosa County, filed a challenge to Dow's candidacy alleging that Dow was not qualified to be the Party's candidate under Article VII, § 1(f),[1]
of the bylaws of the Executive Committee of the Party because she had sought the office of circuit judge as a Republican in 1998 and 2000.
On April 7, 2004, the chairman of the Party's Executive Committee, Redding Pitt, filed with the secretary of state a certified list of the Party's candidates for the June 1, 2004, primary election. Pitt's certification stated, in pertinent part:
 "Pursuant to Section 17-16-11, Code of Alabama, 1975, I hereby certify that the persons whose names appear on the following schedules filed qualifications with me for the June 1, 2004[,] Democratic primary election as candidates for the offices indicated.
 "Subject to the provisions therein, I declare that the candidates who are unopposed are nominated.
 "This certification is subject to such disqualifications or corrective action as hereafter may appropriately be made."
The list showed Dow as the Party's sole candidate for the office of district court judge, 10th Judicial Circuit, place 10, Jefferson County.
On April 8, 2004, the Party informed Dow that her qualifications had been challenged. A hearing on the challenge conducted by the Party's subcommittee on election challenges was originally scheduled for April 14, 2004; however, because Dow was unavailable on that date, the hearing was rescheduled for April 28, 2004. On April 27, 2004, Georgia Hampton, a registered voter and resident of Jefferson County, joined, through counsel, Higginbotham's challenge to Dow's candidacy. On April 28, 2004, the subcommittee conducted the challenge hearing. Dow appeared with counsel, as did Higginbotham and Hampton. Dow's counsel challenged the proceeding on the basis that the subcommittee did not have jurisdiction to conduct the challenge hearing.[2]
On April 30, 2004, the subcommittee issued a unanimous decision agreeing to sustain the challenge to Dow's candidacy on the ground that she was disqualified under Article VII, § 1(f), of the bylaws of the Executive Committee of the Party.
On May 3, 2004, Dow filed a notice of appeal with Pitt, again challenging the jurisdiction of the Party to entertain the challenge to her candidacy. On June 9, 2004, Pitt entered an opinion affirming the challenge subcommittee's finding that Dow was disqualified from appearing as the Party's candidate in the November 2004 general election.
On June 21, 2004, Dow filed a complaint in the Montgomery Circuit Court seeking declaratory and equitable relief against the Party and Pitt, individually, and as chairman of the Executive Committee. Dow sought a judgment declaring that the Party *Page 1038 
did not have jurisdiction to entertain the challenge against her candidacy, a writ of mandamus directing the Party and Pitt to reverse the decision of the challenge subcommittee, and a writ of prohibition enjoining the Party from withdrawing her nomination. On July 14, 2004, Hampton and Higginbotham filed a motion to intervene, which the trial court granted; Hampton and Higginbotham filed an answer the same day. On July 19, 2004, the Party and Pitt filed a motion for a summary judgment with supporting legal argument and exhibits. On July 28, 2004, Dow filed a cross-motion for a summary judgment with supporting legal argument and exhibits.
On August 13, 2004, the trial court entered a summary judgment for the defendants; it also on that day denied Dow's cross-motion for a summary judgment. The trial court's order stated, in pertinent part:
 "Ms. Dow's entire case rests on her contention that the Democratic Party had no jurisdiction to disqualify her from running as a Democrat because the Party did not follow the election contest procedures set out in Ala. Code § 17-16-1 et seq. (the statutes governing primary elections). The Party contends that the Primary Election Contest Provisions apply only to election contests filed after the results of an actual primary election are declared. The Party argues that the contest provisions in § 17-16-1 et seq., therefore, do not apply to the proceeding in which Ms. Dow's qualifications to serve as a Democratic nominee were challenged prior to the primary election. Ms. Dow maintains, however, that the Primary Election Contest Provisions apply in this case because the Party had declared her its candidate when it certified her name to the Secretary of State and in the course of doing so declared her its candidate.
 "Having reviewed the statutes at issue, it is the court's conclusion that the contest provisions set out in § 17-16-1 et seq. apply solely, by their very terms, to post-primary election contests and do not apply to pre-primary challenges. See, e.g., §§ 17-16-1, 17-16-11, 17-16-12, 17-16-14, 17-16-70, 17-16-71, 17-16-78, and 17-16-83. Therefore, there was no statutory or other requirement that the Party follow these provisions when determining Ms. Dow's qualifications to serve as the Party's nominee prior to the primary. The court further holds that the Party clearly had jurisdiction to determine whether Ms. Dow was qualified pursuant to its relevant rules and regulations to run as a Democrat."
Dow then appealed the summary judgment to this Court.
 II. Standard of Review
This Court's review of a summary judgment is de novo. Williamsv. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross Blue Shield of Alabamav. Hodurski, [Ms. 1022154, July 16, 2004] ___ So.2d ___, ___ (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v.Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce "substantial evidence" as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, *Page 1039 538 So.2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Fla.,547 So.2d 870, 871 (Ala. 1989).
 III. Analysis
Dow does not argue against the merits of the Party's decision to disqualify her as a candidate; rather, she contests the Party's jurisdiction to entertain the challenge filed by Hampton and Higginbotham on the ground that the challenge was not made pursuant to certain requirements found in § 17-16-70 et seq., Ala. Code 1975, the statutory framework applicable to primary-election contests. Specifically, Dow presents the following issues to this Court for review:
"I.
 "Prior to the date of a primary election, may a political party disqualify a person it had declared and certified to be the party's nominee for the general election without following the primary nomination contest provisions of Ala. Code § 17-16-70
et seq.?
"II.
 "May a political party disqualify a declared nominee before the primary election based upon challenges which were either filed by a person who could not vote for the office in question or were untimely, unverified and not accompanied by a bond and if it does not hold a hearing within 20 days of the filing of the contest?"
Dow argues that the provisions of § 17-16-70 et seq., Ala. Code 1975, apply to her, and that the Party thus did not have jurisdiction to entertain the challenge to her qualifications as a candidate, because before the June primary election the Party had certified her, an unopposed candidate, as its nominee for the November general election. Dow contends that this case presents an issue of first impression because "no prior reported decision has addressed the situation where an unopposed candidate who had been declared the nominee by a political party is challenged before the primary election takes place."
Dow concedes that the statutory framework that provides the procedure for contesting a nomination resulting from a primary election does not squarely fit the facts presented here; she also concedes that the statutes involved here "were obviously designed with post-election proceedings in mind." We agree. For example, § 17-16-70, Ala. Code 1975, provides, in pertinent part:
 "All nominations made by primary election may be contested within 24 hours after the results of the primary election have been declared, weekends excluded, under the same conditions and on the same grounds as provided in the laws of Alabama for general elections of state and county officers and as provided in this chapter. . . ."
The term "primary election" is defined by § 17-16-1, Ala. Code 1975, as "an election held by the qualified voters, who are members of any political party, for the purpose of nominating a candidate or candidates for public or party office." Dow's nomination clearly was not made by primary election. Rather, the Party certified, before the primary election was held, that Dow was its nominee for district court judge, 10th Judicial Circuit, place 10, Jefferson County, by virtue of her being an unopposed candidate. *Page 1040 
In consideration of the above, we conclude that the declaration made in the Party's pre-primary certification as to Dow's nomination is not the equivalent of the declaration made after the results of a primary election as contemplated by § 17-16-70, Ala. Code 1975, which would then trigger the application of that statute and the remaining statutes found in Title 17, Chapter 16, Article 2, relating to contesting the result of a primary election. Therefore, we further conclude that the Party did have jurisdiction to consider a pre-primary challenge to Dow's qualifications. See Knight v. Gray, 420 So.2d 247, 248 (Ala. 1982) ("We hold that the Democratic Party has authority to hear pre-primary challenges to the political or legal qualifications of its candidates.") (citing §§ 17-16-12 and 17-16-14, Ala. Code 1975, and Hobbie v. Vance, 292 Ala. 367, 294 So.2d 743 (1974)).
Our holding that the provisions of § 17-16-70 et seq., Ala. Code 1975, do not apply to Dow pretermits any discussion of her second issue, in which she argues that the challenge to her candidacy did not comply with the provisions of § 17-16-70 et seq.
Accordingly, the trial court's summary judgment in favor of the Party is due to be affirmed.
AFFIRMED.
NABERS, C.J., and SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
BROWN, J., recuses herself.
[1] Article VII, § 1(f), of the bylaws, concerning the selection of nominees by the Party, states, in pertinent part:
 "No person shall be permitted to qualify as a candidate for nomination or election to public or Party office as a Democrat in any elections who did not support the nominees of the Democratic Party in all Special or General Elections during the past four years. (Amended September 15, 1983)."
[2] Dow challenged the jurisdiction of the subcommittee on three bases: (1) that Higginbotham, as a registered voter and resident of Tuscaloosa County, did not have standing to challenge Dow's qualifications as a candidate for a district judgeship in Jefferson County; (2) that the challenge to her candidacy was not timely filed pursuant to § 17-16-70, Ala. Code 1975; and (3) that the challengers had not filed security for costs.