SHAW, Justice
(concurring in part and dissenting in part).
Mildred McDonald tripped and fell on the sidewalk on the premises of Alabama Orthopaedic Clinic, P.C. (“AOC”). She sued various entities that allegedly owned, leased, maintained, or operated the facilities and property where the sidewalk was located (hereinafter “the defendants”), seeking damages for negligence and wantonness. The trial court entered a summary judgment for the defendants, and McDonald appeals.
“ ‘ “This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a pri-ma facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’
“Prince v. Poole, 935 So.2d 431, 442 (Ala.2006) (quoting Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004)).”
*287 Brown v. W.P. Media, Inc., 17 So.3d 1167, 1169 (Ala.2009).
I concur with the majority’s no-opinion affirmance of the trial court’s summary judgment as to McDonald’s wantonness claim. As to the claim alleging that the defendants were negligent, I believe that McDonald presented substantial evidence creating a genuine issue of material fact that precluded a summary judgment on that claim.
McDonald alleges that she tripped on a joint between the sidewalk and a handicap-access ramp and fell. Apparently, the ramp was installed in 2005 in the existing sidewalk. She testified in her deposition that her foot hit something on the sidewalk in the approximate area of the joint between the sidewalk and the ramp, causing her to trip and fall. McDonald’s grandson, who was present when she fell, testified that there was a difference in elevation at the joint between the old sidewalk and the added ramp. Additionally, McDonald presented affidavit testimony from an expert, Harvey Gandler, a licensed architect, who had examined the joint and who also stated that there was a difference in elevation at the point where the sidewalk and the ramp joined, resulting in a drop-off instead of a slope. Gandler testified that this change in elevation did not comply with the Americans with Disabilities Act;[1] that it was a “toe-catcher” that was “not something that is obvious or noticeable to an average person walking on the sidewalk”; that it could not be seen by someone walking toward the AOC building and was not “observable” to those walking from the building if they were not looking for it or were not looking toward the ground; that there was no marking to call attention to the change in elevation; that the change in elevation was not so high as to cast a shadow across the joint; that the fact it was located at a handicap-access ramp at an orthopedic clinic increased the likelihood that the area would be frequented by people with mobility problems, who are more at risk of tripping over a change in elevation; and that it was his professional opinion that the sidewalk was defective and dangerous to AOC patients like McDonald.
I believe that, when viewed in a light most favorable to McDonald, the record includes evidence indicating the existence of factual questions, as to whether the defendants were negligent and as to whether the joint created a danger that was not open and obvious. I thus respectfully dissent from the no-opinion affirmance of the summary judgment as to McDonald’s negligence claim.
BRYAN, J., concurs.

. 42U.S.C. § 12101 etseq.