MOORE, Judge.
Victoria Shirley appeals from a summary judgment entered by the Tuscaloosa Circuit Court (“the trial court”) in favor of the Tuscaloosa County Park and Recreation Authority (“PARA”). We reverse.

Procedural History

On November 14, 2012, Shirley filed a complaint against PARA, asserting that she had been injured when certain welds on bleachers located at the Munny Sokol Park (“the park”), a park owned and operated by PARA, broke as a result of PARA’s negligence and wantonness. On April 25, 2013, Shirley amended her complaint to assert claims under the Alabama Extended Manufacturer’s Liability Doctrine against several fictitiously named defendants. On May 7, 2013, PARA filed a motion for a summary judgment arguing that it “[was] entitled to summary judgment pursuant to Code of Alabama §§ 35-15-1 through -5 and §§ 13-15-20 through -28, granting immunity to owners of recreational land in relation to persons using the premises for recreational purposes.”
On May 24, 2013, Shirley again amended her complaint to add a demand for a trial by jury. On May 30, 2013, PARA filed an answer to the complaint, as finally amended. On June 20, 2013, Shirley responded in opposition- to PARA’s summary-judgment motion, arguing that there was an issue of fact as to, among other things, whether “PARA personnel did not know, or have reason to know, that the welds on the bleacher would break.”
On August 14, 2013, the trial court entered a summary judgment in favor of PARA, stating that PARA was not liable pursuant to the limitations on liability set forth in Ala.Code 1975, §§ 35-15-20 through -28. On September 25, 2013, Shirley filed her notice of appeal to our supreme court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7.[1]

Standard of Review

“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether *354 the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-58 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that, fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

Discussion

On appeal, Shirley argues that the trial court improperly entered the summary judgment in favor' PARA because, she says, there is a genuine issue of material fact as to whether the park was being used for commercial purposes and whether “PARA had actual knowledge of an unreasonable risk of death or serious bodily harm.”
Section 35-15-22, Ala.Code 1975, provides:
“Except as specifically recognized by or provided in this article, an owner of outdoor recreational land who permits non-commercial public recreational use of such land owes no duty of care to inspect or keep such land safe for entry or use by any person for any recreational purpose, or to give warning of a dangerous condition, use, structure, or activity on such land to persons entering for such purposes.”
Section 35-15-24, Ala.Code 1975, however, provides:
“(a) Nothing in this article [i.e., § 35-15-20 through § 35-15-28] limits in any way legal liability which otherwise might exist when such owner has actual knowledge:
“(1) That the outdoor recreational land is being used for non-commercial recreational purposes;
“(2) That a condition, use, structure, or activity exists which involves an unreasonable risk of death or serious bodily harm;
“(3) That the condition, use, structure, or activity is not apparent to the person or persons using the outdoor recreational land; and
“(4) That having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences.
“(b) The test set forth in subsection (a) of this section shall exclude constructive knowledge by the owner as a basis of liability and does not create a duty to inspect the outdoor recreational land.
“(c) Nothing in this article shall be construed to create or expand any duty or ground of liability or cause of action for injury to persons on property.”
In the present case, PARA submitted in support of its summary-judgment motion the affidavit of Wendy Harris, the director of Community Programs and Athletics for PARA. Harris stated in her affidavit that “PARA is a non-profit public corporation serving the City of Tuscaloosa, the City of *355 Northport and' Tuscaloosa County with park and • outdoor recreation services”; that “Shirley was not charged an admission fee to enter the park or watch the youth football game” .she was attending at the time she was injured;- and that “the subject bleacher was in near-new condition, [and, thus,] PARA personnel did not know, or have reason to know, that the welds on the bleacher would break.”
In response to the summary-judgment motion, Shirley presented no evidence indicating that the use of the park was commercial in nature. Shirley did, however, present evidence indicating that PARA had “actual knowledge” that the bleachers presented “an unreasonable risk of death or serious bodily harm”; “[t]hat the condition [of the bleachers was] not apparent to [Shirley]”; and that PARA had chosen “not to guard or warn, in disregard of the possible consequences.” Ala.Code 1975, § -35-15-24(a)(2), (3) & (4). Specifically, Shirley presented the affidavit of Christy Duncan, a witness to Shirley’s fall. Duncan stated in her affidavit that she had spoken to a woman wearing “a blue polo shirt with a ‘PARA’ logo [and] a blue jacket with a ‘PARA’ logo [who was] standing with a man dressed as a referee and another man in plain clothes.” Duncan stated that Shirley had told her that that woman was “ ‘over the park’ ” and that she had seen that woman “at previous football games, working the scoreboard, and standing around the games.” Duncan stated that she had informed that woman that Shirley had fallen and that, several minutes later, that woman “came to the scene of the fall, placed her hands on her hips and stated T told them earlier to put a cone or a sign on this bleacher until we could get somebody out here to repair it.’ ”
Shirley also presented her own affidavit in which she stated that, after the bleachers gave way, a woman “who [she] had seen at every game' before, sometimes keeping the scoreboard, came over to where [she] was and said[:] “You fell. They knew this was going to happen. It was supposed to be coned off.’ ” Shirley also stated in her affidavit that the bleachers were sitting on concrete and that she “had not noticed anything wrong with the bleachers before [she] sat down [and that she] had not seen any signs or warnings on the bleachers.”
In George v. United States, 735 F.Supp. 1524 (M.D.Ala.1990), the United States District Court for the Middle District of Alabama held that the owner of a public park was liable under § 35-15-24 for an attack by an alligator that had occurred at that public park based on the following evidence:
“The Forest Service officials admit that they had knowledge of the presence in the Open Pond Area of the ll-to-12foot alligator which attacked Mr. George. The evidence showed that, of the 74 confirmed, nonfatal alligator attacks in the neighboring State of Florida, 53 were committed by alligators in excess of five feet in length.... Furthermore Forest Service officials admit that they had received several complaints concerning the alligator prior to the attack on Mr. George. Additionally, the Government admits that it neither posted signs warning of the alligator nor attempted to remove said alligator.”
735 F.Supp. at 1525-26.
We find the reasoning in George to be persuasive and the facts in George to be analogous to those in the present case. Similar to George, in the present case there was evidence presented indicating that PARA’s officials had actual knowledge that the bleachers were in need of repair, that PARA’s officials had “actual knowledge” that someone was likely to fall as a result of the condition of the bleachers and *356 that a fall onto concrete from the bleachers presented “an unreasonable risk of death or serious bodily harm,” and that PARA’s officials had failed to guard the bleachers or warn the persons using the bleachers. Although the facts in this case are disputed, as opposed to the facts in George, which were admitted, because we are reviewing a summary judgment, “we must review the evidence in the light most favorable to the nonmovant.” Dow, 897 So.2d at 1038. We therefore conclude that Shirley created a genuine issue of material fact regarding whether PARA fell within the parameters set forth in § 35-15-24.
Based on the foregoing, we reverse the summary judgment entered by the trial court and remand this cause for further proceedings consistent with this opinion.
MOTION TO STRIKE DENIED; REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., recuses himself.

. PARA filed a motion on appeal to strike Shirley’s brief to this court; that motion is denied. We note, however, that this court has considered only the evidence properly presented to the trial court and contained in the record on appeal. See Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997).