Rel: April 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

―――――――――――――――――

### CL-2023-0666

―――――――――――――――――

**Susan Gasque**

**v.**

**Florence Family Practice and Dr. Linda C. Clemons**

**Appeal from Lauderdale Circuit Court**
**(CV-19-900109)**

FRIDY, Judge.

Susan Gasque, a former employee of Florence Family Practice ("FFP"), which is owned by Dr. Linda C. Clemons,[1] appeals from a

―――――――――――――――――

[1]The record does not indicate what type of entity FFP is. Based on its name, it is presumably a sole proprietorship owned by Clemons.

judgment of the Lauderdale Circuit Court ("the trial court") granting FFP and Clemons's motion for a summary judgment. We affirm in part, reverse in part, and remand.

Background

On September 18, 2017, Clemons, a physician, hired Gasque to work as a certified registered nurse practitioner for FFP. That same day, Chris A. Barnes, FFP's business manager, acting on behalf of FFP, and Gasque executed a written employment contract ("the contract") that specified that the term of the contract was one year and contained the following pertinent provisions:

"3. COMPENSATION OF EMPLOYEE. As compensation for the services provided by Gasque under this Contract, FFP will pay Gasque an annual salary of $90,000.00 payable every two weeks on Thursday. Production Bonus will be at $600 per monthly average patient seen by FFP above 20 until second [nurse practitioner] is hired and above 31 thereafter. Bonus is contingent upon practice revenue increases. Upon termination of this Contract, payments under this paragraph shall cease; provided, however, that Gasque shall be entitled to payments for periods or partial periods that occurred prior to the date of termination and for which Gasque has not yet been paid. This section of the Contract is included only for accounting and payroll purposes and should not be construed as establishing a minimum or definite term of employment.

"....

2

"10. BENEFITS. Gasque shall be entitled to employment benefits, including malpractice insurance, license, paid time off and employee health insurance as provided by FFP's policies, described in Employee Manual, in effect from time to time. Additionally, Gasque will be allowed a [continuing-medical-education] reimbursement of $1,500 per year and 4 days [paid time off] in addition to employee [paid time off]. One day additional [paid time off] shall be provided for each year of service, up to 8 days additional [paid time off].

"11. TERM/TERMINATION. This Contract may be Terminated by Gasque upon 60 days written notice except … [n]on-compete provisions shall remain in force until September 18, 2018. Likewise, FFP will provide 60 days written notice except if Gasque is in violation of this Contract, FFP may terminate employment without notice and with compensation to Gasque only to the date of such termination. The compensation paid under this Contract shall be Gasque's exclusive remedy."

(Capitalization in original.) FFP terminated Gasque's employment on April 27, 2018, before the one-year term of the contract had expired.

On March 26, 2019, Gasque sued FFP and Clemons, claiming that they had breached the contract; that they had violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.; and that they had converted certain specified personal property that Gasque owned.

On May 1, 2019, FFP and Clemons filed a motion to dismiss Gasque's FLSA claim, asserting that her $90,000 annual salary excluded her from the protection of the FLSA. Gasque conceded that her FLSA

3

claim was due to be dismissed, and the trial court entered an order dismissing that claim only.

On May 12, 2023, FFP and Clemons filed a motion for a summary judgment with respect to Gasque's breach-of-contract and conversion claims and supported their motion with, among other things, an affidavit signed by Clemons and a copy of the contract. In pertinent part, Clemons's affidavit stated:

> "I hired Susan Gasque to work for Florence Family Practice ('FFP') on September 18, 2017. Ms. Gasque was terminated for cause on April 27, 2018. Upon termination, Ms. Gasque left FFP and did not take the personal items listed in her Complaint for conversion with her. Since the filing of the Complaint on March 26, 2019, over four years ago, I have allowed Ms. Gasque numerous opportunities to retrieve her personal items. As of this date, she has not retrieved her personal items listed in the Complaint."

FFP and Clemons argued that they had not breached the contract because

> "[t]he [contract] provided a clause for compensation of employee which stated that such compensation would cease upon the termination of the [contract]. … Additionally, under the section of the contract that provides terms for termination, the contract states, '[t]he compensation paid under [the contract] <u>shall be</u> Gasque's <u>exclusive remedy</u>. … (emphasis added). Because FFP and Dr. Clemons paid everything listed under the compensation section of the [contract] and only ceased once [Gasque] had been terminated, FFP and Dr. Clemons did not fail to do what they

4

had agreed upon by way of contract, which would constitute a breach."

FFP and Clemons argued that they were entitled to a summary judgment with respect to Gasque's conversion claim because, they said, the undisputed evidence indicated that Gasque had abandoned the property that was the subject of that claim.

Gasque filed a written response to FFP and Clemons's motion and supported it with, among other things, an affidavit signed by Gasque, a copy of the contract, and spreadsheets that FFP and Clemons had produced to Gasque during discovery. In pertinent part, Gasque's affidavit stated:

> "2. On September 18th, 2017, I was hired by Florence Family Practice (FFP) as a certified registered nurse practitioner.

> "3. On April 27th, 2018. I was terminated from FFP. Prior to my termination. I was never provided with any warnings, writeups or any indication I was underperforming as a practice manager. Further, my termination letter did not state how I was in violation of the terms of my contract with FFP. Having read my employment contract, I did not do anything to violate the terms of my contract with FFP.

> "4. FFP is in violation of the terms of the contract. Per the terms of my contract, I am entitled to a production bonus on top of my salary. The bonus is $600.00 per monthly average patient seen by FFP above 20 patients. After a second nurse practitioner was hired the base level moved from 20 patients

5

to 31 patients. To date, I have never been paid any production bonuses, despite passing the base level patients seen on at least two separate months.

"5. The terms of my contract also provided that FFP would pay my medical license fee. My licensing fee of approximately $750.00 was originally paid by FFP but it was later deducted from my last paycheck.

"6. At the time of my termination, I had at least one week of [paid time off] left and had not used the $1,500.00 allotted for my [continuing-medical-education] courses."

In her written response to the motion, Gasque argued, among other things, that FFP and Clemons were not entitled to a summary judgment with respect to her breach-of-contract claim because, Gasque said, the contract required FFP and Clemons to give Gasque sixty days' notice before terminating her employment and her salary unless "Gasque [was] in violation of the contract," and FFP and Clemons had not made a prima facie showing that Gasque was in violation of the contract when FFP and Clemons terminated her employment. Gasque pointed out that, although Clemons's affidavit stated that she had terminated Gasque's employment "for cause," it did not state that Gasque had violated the contract or that Clemons had terminated Gasque's employment because she was in violation of the contract. Therefore, Gasque argued, there was a genuine issue of material fact regarding whether she was entitled to receive sixty

days' notice of her termination and to receive her salary for that sixty-day period. Gasque also argued that FFP and Clemons were not entitled to a summary judgment with respect to Gasque's breach-of-contract claim because, she said, the evidence showed that, under the terms of the contract, FFP and Clemons owed Gasque bonus compensation for two months when the monthly average number of patients that FFP saw exceeded the number that qualified Gasque for a bonus.

Following a hearing, the trial court, on July 7, 2023, entered a judgment granting FFP and Clemons's summary-judgment motion; the judgment did not state the trial court's rationale for granting the motion. On August 3, 2023, Gasque filed a postjudgment motion in which she asserted that the judgment was erroneous because, she said, it was based on FFP and Clemons's argument that the employment-at-will doctrine applied in this case and that doctrine did not apply where a contract sets forth the terms and conditions governing the termination of an employee's employment like the contract in this case. Gasque reiterated that she was entitled to sixty-days' notice of her termination and that she was entitled to recover the pay that would have accrued during that sixty-day period. Gasque also argued that the undisputed evidence showed

7

that she was entitled to bonus compensation for October 2017 and February 2018, which FFP and Clemons had not paid her. The trial court denied Gasque's motion on August 4, 2023. Thereafter, Gasque timely appealed.

<u>Standard of Review</u>

An appellate court reviews a summary judgment de novo, applying the same standard the trial court applied. <u>See</u> <u>Dow v. Alabama Democratic Party</u>, 897 So. 2d 1035, 1038 (Ala. 2004). That is, the appellate court must determine whether the movant made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. <u>Id.</u> In making that determination, the appellate court must view the evidence in the light most favorable to the nonmovant. <u>Id.</u> If the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce "substantial evidence" indicating that there is a genuine issue of material fact. <u>Id.</u> "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the

fact sought to be proved." <u>West v. Founders Life Assurance Co. of Florida</u>, 547 So. 2d 870, 871 (Ala. 1989).

Analysis

Initially, we note that Gasque has not argued on appeal that the trial court erred in granting FFP and Clemons's summary-judgment motion with respect to her conversion claim. Therefore, we affirm the trial court's judgment insofar as it granted the motion as to that claim. <u>See</u> <u>Boshell v. Keith</u>, 418 So. 2d 89, 92 (Ala. 1982).

Gasque does argue on appeal that the trial court erred in granting FFP and Clemons's summary-judgment motion with respect to her breach-of-contract claim. This is so, because, Gasque says, the contract required FFP and Clemons to give Gasque sixty days' written notice of the termination of her employment unless Gasque was in violation of the contract and FFP and Clemons did not offer any evidence indicating that Gasque was in violation of the contract.

We note that Clemons's affidavit did not state that she had terminated Gasque's employment because Gasque was in violation of the contract. Rather, Clemons's affidavit stated that she had terminated Gasque's employment "for cause." The contract does not define "cause" as

9

being synonymous with "in violation of the contract"; however, even if those terms are deemed to be synonymous, Gasque's affidavit testimony stating that she was not in violation of the contract when Clemons terminated her employment created a genuine issue of material fact regarding whether Gasque was entitled to sixty days' written notice of the termination of her employment. If she was entitled to receive sixty days' written notice of the termination of her employment, FFP breached the contract by failing to give her such notice and by failing to pay Gasque her salary for that sixty-day period. The granting of a summary judgment when there is a genuine issue of material fact constitutes reversible error. See Taylor v. Hanks, 333 So. 3d 132, 138 (Ala. 2021).

In addition, Gasque presented substantial evidence showing that FFP and Clemons still owed her bonus compensation, compensation for accrued paid time off, and reimbursement for the expense of her licensing fee and continuing-medical-education course that FFP and Clemons were contractually obligated to pay her even if she was not entitled to sixty days' written notice of the termination of her employment. For this additional reason, the trial court should not have entered a summary judgment for FFP and Clemons on Gasque's breach-of-contract claim.

10

<u>Conclusion</u>

Based on the foregoing, we reverse the trial court's judgment because there was a genuine issue of material fact regarding whether Gasque was in violation of the contract and, if not, was entitled to receive sixty days' written notice of the termination of her employment and to receive her salary during that sixty-day period and because Gasque presented undisputed evidence that she was entitled to payment of other sums attributable to her service before the termination of her employment. We remand the cause for further proceedings consistent with this opinion.[2]

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.

---

[2]Gasque argues that the trial court erroneously failed to hold a hearing on her postjudgment motion. However, because we are reversing the trial court's judgment, any error that the trial court committed in failing to hold that hearing is moot.