On Application for Rehearing

THOMPSON, Presiding Judge.
The opinion of October 3, 2014, is withdrawn, and the following is substituted therefor.
Tommie Strickland, individually and doing business as Strickland Motors Sales,[1] petitions this court for a writ of mandamus directing the Mobile Circuit Court (“the trial court”) to vacate its order denying his motion to dismiss the action filed against him by Safeway Insurance Company of Alabama, Inc., and to enter an order dismissing the action for lack of personal jurisdiction. For the reasons set forth below, we dismiss the petition.
On August 11, 2014, this court notified Strickland that his petition was deficient because, among other things, there were no attachments filed in support of the petition in accordance with Rule 21(a)(1)(E), Ala. R.App. P. Strickland was given seven days to cure the deficiencies and was notified that “[fjailure to cure the deficiencies within [seven] days may result in dismissal of this petition.”
Rule 21(a)(1)(E) provides:
“(1) General. Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court. The petition shall contain, under appro *859 priate headings and in the order here indicated:
[[Image here]]
“(E) Attachments. Copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.”
(Emphasis added.)
In response to the deficiency notice, Strickland provided this court with a copy of his motion to dismiss and two documents filed in support of that motion. However, Strickland has not provided a copy of the order purportedly denying the motion to dismiss. “The petitioner has the responsibility of supplying the Court with those parts of the record that are essential to an understanding of the issues set forth in the mandamus petition.” Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 814 n. 6 (Ala.2003). Accordingly, Strickland’s petition still does not comply with the requirements of Rule 21(a)(1)(E). Without having before us a copy of the order from which Strickland seeks relief, this court is left to make assumptions as to whether a written order has even been entered. Moreover, we are unable to review the trial court’s grounds for entering the purported order or to otherwise make a determination as to the propriety of the purported order.
After the release of this court’s opinion on original submission, Strickland filed a “motion to reconsider,” which, in substance and in legal effect, is an application for rehearing. See Rule 40, Ala. R.App. P. In his “application,” Strickland attempts to excuse his failure to include the order among his submitted materials by asserting that this court’s clerk’s office did not specifically notify him that the order was to have been included. He states that when he received the August 11, 2014, deficiency notice, he immediately forwarded to this court his motion to dismiss that he filed in the trial court and served the petition on the trial court judge and clerk, which was another deficiency listed in the notice from.this court’s clerk. He asserts that “the absence of the trial court order was never specified in the notice ... nor was it noted in the email from the Clerk when [Strickland’s attorney] attempted to cure the deficiency.” Strickland complains that there was no “subsequent indication that there was a remaining deficiency.” He also asserts that the dismissal of his petition “is an unduly harsh sanction, given that the deficiency notice was deficient in itself.”
The deficiency notice from this court reads as follows:
“The petition for writ of mandamus filed on August 11, 2014, is deficient in that there are no attachments in accordance with Rule 21(a)(1)(E), Ala. R.App. P. This court is on the ACIS system, not the Alafile system; therefore, parties and respondent judge have not been served. The ACIS system does not serve parties and respondent judge. Petitioner has 7 days from date of this order to cure the deficiencies. Failure to cure the deficiencies within 7 days may result in dismissal of this petition.”
Despite being referred to the specific rule that, as we have previously noted, explicitly calls for the order at issue to be included as an attachment to the petition, Strickland’s attorney still failed to comply with the requirements of that rule. It is not the responsibility of the clerk of this court to review the attachments or records submitted in each case to ensure that attorneys have submitted each and every document necessary to support then-petitions or appeals. The decision regarding what to include with each submission to this court lies with the attorney submitting a petition or appeal, not with the *860 clerk’s office. Neither this court, nor its clerk, can advocate on behalf of a litigant.
Because Strickland’s petition does not comply with the requirements of Rule 21(a)(1)(E), Ala. R.App. P., in that it does not contain materials essential to our consideration of the request for relief, the petition is dismissed.
APPLICATION FOR REHEARING OVERRULED; OPINION OF OCTOBER 3, 2014, WITHDRAWN; OPINION SUBSTITUTED; PETITION DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Strickland states that the complaint incorrectly designates the name of the entity under which he does business as “Strickland Motors, Inc.”