THOMPSON, Presiding Judge.
John Robinson petitions this court for a writ of mandamus directing the Calhoun Circuit Court (“the trial court”) to set aside its order of September 2, 2015, granting Keith Bentley’s motion to quash three subpoenas duces tecum Robinson had filed in this civil action. For the reasons set forth below, we deny the petition.
The materials Robinson submitted in support of his petition indicate the following.[1] In January 2012, Robinson signed a rental agreement containing a lease/purchase option (“the contract”) for a house Bentley owned in Oxford (“the house”). The effective period of the contract commenced on February 1, 2012. According to Bentley, Robinson failed to make a number of his monthly rental payments and made no payments at all after May 2014. On November 13, 2014, Bentley filed an action against Robinson alleging claims of breach of contract and ejectment. Bentley also sought a judgment declaring that Robinson did not have an equitable interest in the house. Robinson answered Bentley’s complaint and filed a counterclaim.
After the action was filed, Robinson’s attorney learned that Bentley had sold the house to third parties. Robinson propounded discovery requests to Bentley seeking all closing documents from the sale of the house to the purchasers. Bentley declined to produce the requested documents, and, ultimately, Robinson filed a motion to compel production. According to Robinson’s brief to this court, on August 4, 2015, the trial court entered an order denying the motion to compel. A copy of the order is not contained in the materials submitted to this court. According to Robinson, the trial court stated that, after reviewing Robinson’s answer to the complaint and his counterclaim, it found that Robinson “is only seeking damages and not specific performance of the contract. Therefore, the Court fails to see the relevance of the closing documents requested.” In his petition, Robinson does not dispute the trial court’s finding that he sought only damages and not specific performance. Robinson filed a motion to reconsider the denial of his motion to compel, which the trial court denied on August 27, 2015.
Robinson then filed three' subpoenas duces tecum directing the purchasers to testify at the trial of this matter and to produce the closing documents. The trial was scheduled for September 17, 2015. Bentley filed a motion to quash the subpoenas duces tecum. The trial court granted the motion to quash on September 2, 2015.
*991 Robinson filed this petition on September .18, 2015.[2] In his petition, Robinson seeks an order directing the trial court to vacate its orders denying the motion to compel production and granting the motion to quash the subpoenas duces te-cum. This court, in a separate order issued on September 22, 2015, dismissed the petition insofar as it sought review of the August 4, 2015, order denying the motion to compel on the ground that the petition was untimely filed. See Rule 21(a)(3), Ala. R.App. P. We proceed only as to that portion of the petition seeking review of the trial court’s order quashing the subpoenas duces tecum issued to the purchasers of the house, who are not parties in this matter.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
In Ex parte Crawford Broadcasting Co., 904 So.2d 221 (Ala.2004), our supreme court considered a petition for a writ of mandamus in which the petitioner sought an order directing the trial court in that case to quash a subpoena. Our supreme court outlined the circumstances under which the review of a discovery order was subject to mandamus review, writing:
“ ‘[Ojur judicial system cannot afford immediate mandamus review of every discovery order.’ Ex parte Ocwen Fed. Bank, 872 So.2d 810, 813 (Ala.2003). When a petitioner seeks mandamus review of a discovery order, this Court will grant the review only after making two determinations. First, because discovery matters are within a trial court’s sound discretion, we must determine that the trial court in issuing the discovery order clearly exceeded its discretion. Second, we must ensure that the petitioner does not have an adequate remedy by appeal. 872 So.2d at 813.
“ ‘In certain exceptional cases ... review by appeal of a discovery order may be inadequate.’ 872 So.2d at 813. The four most common examples of cases in which review by appeal may be inadequate, although the list is not exhaustive, are
“ ‘(a) when a privilege is disregarded ...; (b) when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly' constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting' party ...;. (c) when- the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party’s entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be. merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court’s alleged error.’
*992 “Ocwen, 872 So.2d at 813-14.”
904 So.2d at 224.
In his petition, Robinson asserts that the trial court’s refusal to allow the purchasers to testify has denied him the ability to prove the claims he alleged against Bentley in his counterclaim. By his own admission, Robinson’s decision to subpoena the purchasers was an effort to obtain from a different source the closing documents that had already been denied him, apparently on' the trial court’s determination that they are not relevant. However, whether the- closing documents are produced by Bentley.or the purchasers does nothing to change their relevance to Robinson’s defense to Bentley’s claims.
Furthermore, Robinson’s counterclaim is not included in the materials before us.[3] Rule 21(a)(1)(E), Ala. R.App. P., provides:
“(1) General, Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court. The petition shall contain, under appropriate headings and -in the order here indicated:
[[Image here]]
“(E) Appendix. An appendix including copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.”
(Emphasis added.)
“The petitioner has the responsibility of supplying the Court with those parts of the record that are essential to an understanding of the issues set'forth in the mandamus petition.” Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 814 n. 6 (Ala.2003). See also Ex parte Strickland, 172 So.3d 857, 858-59 (Ala.Civ.App.2014). Because Robinson did not provide' this court with his counterclaim or the trial court’s order denying his motion to compel, in which it apparently set forth its reason for denying Robinson access to the requested documents, we are- unable to determine whether the trial court abused its discretion in quashing the subpoenas duces tecum directing the purchasers to testify regarding the sale of the house and to produce closing documents that the trial court had already denied Robinson access to insofar as that evidence pertains to Robinson’s counterclaim.
Robinson also argues that he expects that' the information he would learn by having the closing documents produced or by having the purchasers testify “would, apparently, be fatal to a substantial portion of Bentley’s complaint against Robinson.” Specifically, Robinson contends that the information would prove that Bentley no longer has the right to possession of the house, and, therefore, he says, Bentley would not be the proper party to bring an ejectment claim against him. Robinson states that, by denying him the discovery he seeks, the trial court “has effectively prevented Robinson from the ability to show that Bentley is no longer the owner of the [house] and that Bentley no longer has the right to claim that possession should be restored to Bentley.” .However, Robinson does not explain why, to defend *993 the ejectment claim, he cannot simply question Bentley (who, because he is the plaintiff, we expect will be present at the trial) about whether he still owns the house or whether he sold it to the purchasers. Robinson makes no assertion that Bentley has denied that the house has been sold. To the extent that Robinson contends that he needs the purchasers’ testimony and the ■•closing documents tp prove that Bentley no longer owns the house, the evidence he seeks appears, at this point at least, to be merely cumulative of evidence that can be elicited from Bentley.
Likewise, Robinson fails to demonstrate or explain how the actual closing documents or the purchasers’ testimony are relevant to proving his defense to the other claims Bentley has asserted against him, i.e., the claim alleging breach of contract and the claim seeking a judgment declaring that Robinson did not have an equitable interest in the . house based on the lease/purchase option. Instead, Robinson makes general statements to the effect that, by refusing to allow him to have the closing documents, the trial court has “denied discovery relevant to Robinson’s entire defense” and that, without the requested discovery, “Robinson would simply be going through the motions of a trial to obtain an appeal.”
Based on the materials before us and the arguments presented, we cannot say that the trial court clearly abused its discretion in granting the motion to quash the subpoenas duces tecum issued to the purchasers. Accordingly, we conclude that Robinson has failed to demonstrate that he has a clear legal right to an order directing the trial court to vacate its order quashing the subpoenas duces tecum. Thus, the petition is denied.
PETITION DENIED.
"PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Bentley did not file an answer to Robinson’s petition.

. It is unclear from the materials before this court whether the trial began as scheduled on September 17, 2015. However, we infer from the filing date of Robinson's petition that the trial court might have continued the trial setting to a later date.

. In the brief in support of his petition, Robinson states that his answer and counterclaim are attached as Exhibit B to his petition. However, the document included as Exhibit B is Bentley’s answer to Robinson's counterclaim. We havé' reviewed each of the documents included in the materials submitted, and Robinson’s counterclaim is not among them.