PER CURIAM.
Ronald D. Veteto, an inmate incarcerated at the St. Clair Correctional Facility (“the prison”), appeals from a summary judgment entered by the Montgomery Circuit Court (“the trial court”) in favor of Anthony Merriweather, another inmate at the prison, Dewayne Estes, warden at the prison, and Kenneth Peters and Carla Graham, both of whom are correctional officers at the prison.
The record on appeal contains a sworn complaint and a “supplemental complaint” that Veteto filed in this matter in the St. Clair Circuit Court.[1] The St. Clair Circuit *678 Court transferred the action to the trial court on August 20, 2015, in response to a motion filed by Estes, Peters, and Graham.
In the sworn complaint, Veteto alleged that on March 6, 2015, he was ordered to share a cell .with Merriweather. Veteto asserted that he and Merriweather were incompatible and that Merriweather engaged in a course of behavior intended to make Veteto change cells, including depriving Veteto of sleep, stealing his belongings, and, ultimately, physically assaulting him. Veteto further alleged that he reported Merriweather’s behavior to Graham, who had both Veteto and Merriweather sign what he called a “living agreement,” in which Merriweather agreed to stop the conduct of which Veteto had complained. When Merriweather refused to abide by the agreement, Veteto said, he again sought help from Graham. However, he said, Graham and Peters did not “protect him from Merriweather’s illegal and unconstitutional conduct.” Veteto then sent “administrative remedy requests” to Estes, in which he set out claims against Merriweather, asking Estes to enforce the “living agreement” or move Merriweather from the cell. Veteto alleged that Estes never responded to his requests. After he made ■ his “administrative remedy requests,” Veteto alleged, another inmate stabbed him four times, calling him a “rat” and saying that he had “ratted” on his cell mate. Veteto claimed that Merriweather had paid the inmate to- stab him. Veteto claimed that he now fears for his life and believes he is in danger of serious physical injury.
Based on the conduct described in his complaint, Veteto asserted civil claims against Merriweather alleging theft, conversion, assault and battery, nuisance, and “willfulness and wantonness.” Veteto alleged that Estes,-Peters, and Graham violated the Protecting Alabama’s Elders Act, § 13A-6-190 et seq., Ala. Code 1975,. and violated his constitutional right against cruel and unusual punishment by permitting Merriweather and others to abuse, intimidate, threaten, and assault him and to racially discriminate against him. Veteto also alleged that Estes, Peters, and Graham “failed to supervise” and aided and abetted Merriweather in his conduct. Vete-to sought compensatory and punitive damages. In the complaint, Veteto also sought a “‘protection’ or ‘temporary restraining order’” against all the defendants asking them to cease the alleged abusive behavior and to protect him from the .alleged abusive behavior. Veteto filed a separate motion for a temporary restraining order in the St. Clair Circuit Court on August 5, 2015, before the action was transferred to the trial court.
On July 29,„ 2015, Merriweather filed a “motion for summary judgment” in which he generally denied Veteto’s allegations. Merriweather also stated that he was entitled to a summary judgment because, he said, Veteto’s complaint contained only bare allegations that were insufficient to create a genuine issue of material fact. Thus, Merriweather said, he was entitled to a judgment as a matter of law. Merri-weather attached an unsworn affidavit of five “witnesses” who were inmates in the cell block where Merriweather and Veteto were housed. In the “affidavit,” the inmates stated that Veteto was “well known around the prison for filing lawsuits based on fabrications” and that Veteto was being untruthful in this action because, they said, Veteto is a racist. According to the record, Veteto is white and Merriweather is black.
*679 On January 26, 2016, Estes, Peters, and Graham filed a motion for a summary judgment. Under the heading of “Facts,” Estes, Peters, and Graham .stated in the motion that Veteto’s complaint alleged no cause of action recognized under Alabama law; They also stated that Veteto made no direct allegation of wrongdoing by any of them that is recognized by Alabama law. The argument portion of the motion- reads in its entirety as follows:
“The standard of review applicable to an order granting summary judgment is well established:.
“ ‘ “The standard of review applicable to a summary judgment is the same as the standard for granting the motion
“ ‘ “A summary judgment is proper when there is no genuine issue of material fact and the moving party is “entitled to a judgment as -a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima’ facie showing that there is no genuine issue of material fact and that it is .entitled to a judgment as a matter of law. In determining whether the movant ■has carried that burden, the court is to view the evidence in a light most -favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the non-moving party must present ‘substantial evidence’ creating a genuine issue of material fact—‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala. Code 1975, § 12-21-12
“Mack v. Carmack, [79 So.3d 597, 599 (Ala.2011) (quoting other eases) ](internal citations omitted.).
“Moreover, it is the -Plaintiffs burden to make such a showing. Ryan [v. Hayes], 831 So.2d [21] at 27-28 [ (Ala. 2002) ]; see also Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003)(holding that, once it is shown that a state agent was undertaking a discretionary function, the burden, shifts to the plaintiff to disprove the defendant’s entitlement to immunity). There are no direct claims against the Defendants in this case. The law that respondeat .superior does , expose liability to supervisors is well established. (See City of Montgomery v. Patterson, 80 So.3d 264 (Ala.Civ.App.2011)). Assuming that the Plaintiff is suing under a negligence theory, there are four well-known elements for reeov-ery in any; negligence action: (1) the existence of a duty on the part of the Defendant; (2) a breach, of that duty; (3) the existence of a causal connection between the Defendant’s conduct., and the Plaintiffs, injury; and (4). a resulting injury to the Plaintiff, In this action the Plaintiff does not allege nor' does he proffer, anything to support those elements.”
The “Conclusion” portion of the motion reads: “There is simply no relief available to the Plaintiff under this complaint, therefore summary judgment is due in favor of the Defendants.” Estes,- Peters, and Graham did not include an evidentiary submission with their motion for a summary judgment. On February 16, 2016, Veteto filed his opposition to the motion filed by Estes, Peters, and Graham.
On March 8, 2016, the trial court entered its judgment, stating that, after reviewing the “defendants’ motion for summary judgment,” it found that the “motion” was due to be granted and the *680 cause dismissed.[2] Furthermore, the trial court found that the complaint was frivolous and ordered Veteto to pay costs in the amount of $201. Veteto filed a timely postjudgment motion, which the trial court denied on April 5, 2016. Veteto then filed a timely notice of appeal. None of the defendants favored this court with a brief on appeal.
Veteto, appearing pro se, contends that the trial court erred in entering the summary judgment in favor of both Merri-weather and Estes, Peters, and Graham.
“[An appellate cjourt’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence* as to the existence of a genuine issue of material fact. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life As-sur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
Veteto contends that, other than “general or condusory denials,” none of the defendants disputed the facts he alleged in his sworn complaint. He points out that Estes, Peters, and Graham submitted no evidence to refute the facts he asserted. Veteto also notes that Merri-weather’s “affidavit” was not notarized and, therefore, he says, could not be considered as evidence to refute the facts asserted in his sworn complaint.
“ ‘An affidavit sufficient to satisfy Rule 56(e)[, Ala. R. Civ. P.,] is a written declaration or statement of facts, made voluntarily and based on personal knowledge, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer an oath or affirmation.’ Couch v. City of Sheffield, 708 So.2d 144, 152-53 (Ala.1998).”
Ex parte Puedo, 923 So.2d 1069, 1071 n. 3 (Ala.2005). Thus, the trial court could not properly have considered the document Merriweather submitted in support of his motion for a summary judgment. The defendants did not include narratives of undisputed fact in their motions for a summary judgment, as required by Rule 56(c)(1), Ala. R. Civ. P. They also failed to demonstrate that there were no genuine issues of material fact in this action.
Furthermore, in their respective motions for a summary judgment, the defendants failed to demonstrate that they were entitled to a judgment as a matter of law. In his motion, Merriweather stated that Veteto had made “bare allegations” in his *681 complaint, and, he said, mere allegations are not sufficient to create a genuine issue of material fact. However, as the movant, Merriweather bore the burden of demonstrating that there were no genuine issues of material fact and that he was entitled to a judgment as a matter of law. Dow, supra. Merriweather failed to meet his burden as to either prong.
Similarly, in their motion for a summary judgment, Estes, Peters, and Graham made the conclusory statement that Veteto had made no direct allegation of wrongdoing against them; therefore, they said, there is no relief available to Veteto and summary judgment was proper. Contrary to their unsupported contention, however, Veteto’s complaint contains allegations that, among other things, Estes, Peters, and Graham violated his Eighth Amendment right to be free from cruel and unusual punishment and that they failed to carry out their duties by allowing Merriweather to continue to physically and mentally abuse him.
In their motion, the argument portion of which was previously set forth in full, Estes, Peters, and Graham failed to make any argument that would support their contention that they were entitled to a summary judgment or to a dismissal of the action. For example, although they cited Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003), and pointed out that, in that case, our supreme court held that once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the state agent’s entitlement to immunity, Estes, Peters, and Graham made no effort to show that they were undertaking a discretionary function in this case. In fact, they made no argument regarding the applicability of state-agent immunity in this case. In other words, the motion for a summary judgment that Estes, Peters, and Graham submitted is not responsive to the actual allegations made in the complaint filed in this action. Like Merriweather, Estes, Peters, and Graham failed to meet their burden of shpwing that no genuine issue of material fact existed or that they were entitled to a judgment as a matter of law.
This court recognizes that Veteto has a history of filing civil actions against a number of defendants for a variety of reasons, most of which are without merit. See, e.g., Veteto v. Thomas, 161 So.3d 311 (Ala.Civ.App.2015)(table); Veteto v. Bentley, 161 So.3d 311 (Ala.Civ.App.2013)(table); Ex parte Veteto, 143 So.3d 876 (Ala.Civ.App.2012)(table); Veteto v. Allen, 111 So.3d 772 (Ala.2011); Veteto v. Swanson Servs. Corp., 886 So.2d 756 (Ala.2003)(Veteto brought action against vendor of holiday gift packages and various Department of Corrections personnel in connection with shortages and deficiencies of items Veteto had ordered for inclusion in the gift packages); and Veteto v. Yocum, 792 So.2d 1117 (Ala.Civ.App.2001) (Veteto brought action against fellow inmate to recover a debt). Regardless of how litigious Veteto is, however, summary judgments cannot be entered against him if the parties moving for those summary judgments do not adhere to the requirements of the Alabama Rules of Civil Procedure and of established caselaw and if they fail to meet their burden of demonstrating that no genuine issues of material fact exist and that they are entitled to judgments as a matter of law. In this instance, the defendants’ respective motions for a summary judgment contain no grounds upon which the trial court could have properly entered the summary judgment. Accordingly, the judgment of the *682 trial court, is reversed, and the cause is remanded for further proceedings.
Because we reverse the judgment and remand this cause to the trial court, we pretermit discussion of Veteto’s other issues on appeal.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.

. The supplemental complaint appears to have been filed on July 31, 2015, simultaneously with Veteto’s motion seeking in forma pauperis ("IFP”) status. In the record on appeal, the supplemental complaint and the IFP motion are assigned the same document number. The supplemental complaint is not listed in the State Judicial Information System. *678 There is no indication in the record that additional defendants identified in the supplemental complaint, including a correctional officer and additional inmates, were served with a, summons and complaint in this action.

. It is unclear whether, in entering the summary judgment and dismissing the action, the trial court considered Merriweather's separate motion for a summary judgment.