THOMPSON, Presiding Judge.
The Alabama Department of Human Resources (“DHR”) petitions this court for a writ of mandamus directing the Montgomery Circuit Court (“the trial court”) to enter a judgment dismissing a petition Z.G. and C.G. (“the foster parents”) filed in the trial court on the ground that the trial court lacked subject-matter jurisdiction over the matter. In their petition, the foster parents sought judicial review of DHR’s denial of their request for an administrative hearing regarding the removal of O.F. (“the child”) from their home. In seeking a writ of mandamus, DHR also asks this court to order the trial court to continue “the trial of the matter,” which, DHR says, was scheduled for October 11, 2016. On October 7, 2016, this court granted a stay of the proceedings pending a decision on DHR’s petition for the writ of mandamus.
The materials submitted in support of DHR’s petition indicate that on March 3, 2016, the Marengo Circuit Court entered a judgment terminating the parental rights of the child’s parents and placing the child in the permanent custody of DHR. The judgment further stated that DHR had the authority to place the child for adoption. On April 26, 2016, the child was placed ■with the foster parents pursuant to an adoptive home placement agreement. On May 13, 2016, the Marengo County Department of Human Resources (“the Mar-engo County DHR”) removed the child from the foster parents’ home. On June 29, 2016, the foster parents’ attorney wrote both DHR and the Marengo County DHR requesting a hearing pursuant to Rule 660-1-5-.03, Ala. Admin. Code (Dep’t of Human Res.) to review the child’s removal from their home. DHR denied the request, and, on August 8, 2016, the foster parents filed their petition for judicial review in the trial court. On July 28, 2016, the Marengo Probate Court entered a final decree of adoption, pursuant to which the child was adopted by V.H., who- is not a party to this matter.
On September 12, 2016, DHR moved to dismiss the foster parents’ petition pursuant to Rule 12(b), Ala. R. Civ. P. Specifically, DHR asserted that the trial court did not have subject-matter jurisdiction over the matter and also that the petition failed to state a claim upon which relief could be granted because, it said, as a matter of law, the foster parents were not entitled to an administrative hearing.
A hearing was held on the motion to dismiss on October 5,2016. That same day, the trial court entered an order setting another “hearing” in the matter for October 11, 2016. That order stated that “Representatives of DHR (including the case worker) who made decisions concerning the child that is the subject matter of this case shall appear at said hearing.” The day after the October 5 hearing on the motion to dismiss, DHR filed a “renewed motion to dismiss,” attaching the Marengo Probate Court’s adoption judgment and pointing out that the child was no longer in the care, custody, or control of DHR. DHR filed its petition to this court on October 7, 2016.
In response to DHR’s petition, the trial-court judge submitted a letter to this court dated October 18, 2016, in which he stated that he had not denied DHR’s motion to dismiss. In its brief in support of its petition, DHR acknowledges that, as of the date it filed its petition, there had been no ruling on the motion to dismiss. The trial-court judge also stated that, contrary to DHR’s contention, he had not set the matter for an October 11, 2016, trial. Instead, the trial-court judge wrote:
“This Court had 17 eases pending the morning it reset this case for hearing six days later on October 11, 2016, as this *521 judge was retiring the next week. The Court further requested that the case manager attend the hearing. It WAS NOT set for trial.
“What troubled the Court was the manner in which this child was moved from home to home and the Court wanted information directly from the case manager. This matter was set specifically for that inquiry.”
The trial-court judge then noted that his letter in response to the petition for a writ of mandamus was the “last act of this Court, as this particular judge retires today.”
“[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000). With regard to an appellate court’s consideration of a petition for a writ of mandamus, our supreme court has stated:
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987).”
Ex parte Flint Constr. Co., 775 So.2d at 808.
In this case, both the trial court and DHR agree that the trial court has not yet ruled on DHR’s motion to dismiss the foster parents’ petition seeking judicial review in the trial court. The trial court might yet grant DHR the relief it seeks. In its .petition to this court, DHR does not allege that the trial court has failed to enter an order on its motion to dismiss, and it does not request an order compelling the trial court to rule on the motion. Instead, DHR seeks to have this court dictate to the trial court the way in which it should rule oh the pending motion. Such a request makes improper use of the petition for a writ of mandamus. To the extent that DHR’s petition asks this court to direct the trial court to enter a judgment dismissing the foster parents’ petition, the petition is denied as premature.
Additionally, as mentioned, DHR sought a stay contemporaneously with the filing of its petition for the writ of mandamus. That stay motion sought to stay the proceedings in the trial court pending resolution of DHR’s petition. At that time, the October 11, 2016, setting of the action for an evi-dentiary hearing presented this court with a basis for staying the proceedings pending a determination as to whether, as DHR argued, the trial court lacked jurisdiction to proceed. However, the date for' that hearing has passed. Any request DHR might have made in its petition, which appears' to be a request that this court order the trial court to continue the October 11, 2016, hearing, is now moot. See Ex parte T.R.S., 794 So.2d 1157, 1159 (Ala. Civ. App. 2001) (quoting Ex parte Talladega Little League, Inc., 556 So.2d 386, 387 (Ala. 1990)) (stating that “ ‘mandamus will not issue in a case where the underlying issue has become moot’ ”). .
For the reasons outlined in this opinion, DHR’s petition for the writ of mandamus is denied.
PETITION DENIED.
*522 Pittman, Thomas, and Donaldson, JJ., concur.
Moore,. J., dissents, with writing,