PER CURIAM.
Ronald D. Veteto, an inmate incarcerated at the St. Clair Correctional Facility (“the prison”), petitions this court for a writ of mandamus directing the Montgomery Circuit Court (“the trial court”) to enter a temporary restraining order requiring that Dewayne Estes, the warden of the prison, supply him with materials that Veteto says are essential for him to prepare, present, and argue the underlying civil action. Estes is one of the defendants in the action below. Veteto also asks this court to direct the trial court to enter an order compelling certain discovery.
This is the second time Veteto has come before this court in this matter. In Veteto v. Merriweather, 219 So.3d 676 (Ala. Civ. App. 2016), we reversed the trial court’s summary judgment in favor of all the defendants and remanded the cause for further proceedings. In his petition for the writ of mandamus, Veteto alleges that, since the release of the opinion in Veteto, Estes and his subordinates have engaged in a “pattern of harassment, retaliation, and punishment” against him that includes denying him access to legal research, clerical supplies, and other resources. Veteto claims that Estes and other prison employees have also allowed “hostile inmates” to steal or destroy his personal property, including his legal records and the file he had accumulated in this case. He also states that his petition is not notarized because, he says, “[t]he Warden/subordinates refuse to provide timely notarial services before I mail this.”
*403 Veteto further alleges in his petition that he has filed motions for a temporary-restraining order and for a hearing on a preliminary injunction that the trial court has “ignored.” He also asserts that the trial court has attempted to “force” Veteto to try this ease without his records, discovery, litigation essentials, witnesses, evidence, and proper preparation.
When Veteto initially filed his petition for the writ of mandamus, he did not provide this court with any materials, such as orders of the trial court or other parts of the record, that would be essential to our understanding of the matters set forth in the petition, as required by Rule 21(a)(1)(E), Ala. R. App. P. He also failed to serve the respondent judge or other parties with a copy of his petition. In his petition, Veteto states that Estes “refused” to supply him with the supplies and postage necessary to serve the other parties and asked that the clerk of this court serve the petition for him.
On December 23, 2016, this court notified Veteto that his petition was deficient, because it failed to comply with Rule 21(a)(1)(E), and because he had failed to serve a copy of the petition on the respondent judge and all other parties, as required by Rule 21(a)(1), Ala. R. App. P. Veteto was given 14 days in which to comply with the cited provisions of Rule 21. On January 4, 2017, Veteto filed his response, in which he. states that, “until some court orders the warden” to provide him with pens, paper, and other supplies, he cannot serve the petition as directed. He also states that he cannot provide this court with copies of the trial court’s orders because, he says, they were made orally in court and no transcripts of the trial-court proceedings have been prepared.
■ “‘This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to. the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987).’
“Ex parte Flint Constr. Co., 775 So.2d [805,] 808 [ (Ala. 2000) ].”
Ex parte Alabama Dep’t of Human Res., 227 So. 3d 519, 521 (Ala. Civ. App. 2017).
Rule 58, Ala. R. Civ. P., does not allow for an oral rendition of a judgment or order. Baxley, Dillard, Dauphin, McKnight & James v. Burt, 101 So.3d 784, 787 (Ala. Civ. App. 2012). According to Veteto, the trial court has not yet entered written orders on the motions for a temporary restraining order, a hearing, or to compel discovery. Therefore, there are no-adverse rulings for this court to. consider at this timé. Moreover, it is the duty of this court to review the propriety of orders and judgments made in the trial court; this court cannot issue rulings on the motions pending before the trial court. Vete-to’s petition is therefore premature.
Moreover, we recognize that Veteto claims that circumstances imposed by prison officials have rendered him unable to comply with the rules of appellate procedure. However, “[i]t is -well settled that the *404 ‘Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.’ Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890 (Ala. Civ. App. 1991); see also Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 246 (Ala. Civ. App. 2000) (same).” Metcalf v. Pentagon Fed. Credit Union, 155 So.3d 256, 261 (Ala. Civ. App. 2014).
Rule 21(a)(l)provides, in part:
“(1) General. Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made- by filing a petition therefor with the clerk ,of the appellate court having jurisdiction thereof with certifícate of service on the respondent judge or judges and on all parties to the action in the trial court. The petition shall contain, under appropriate headings and in the order here indicated:
[[Image here]]
“(E) Appendix. An appendix including copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition .... ”
(Emphasis added.)
This court has held that petitions for the writ of mandamus-that do not comply with Rule 21(a)(1)(E) by failing to-include certain materials, such as court orders and other parts of the record essential-to our. consideration of the request for relief, are due to be dismissed. Ex parte Strickland, 172 So.3d 857, 860 (Ala. Civ. App. 2014). Without such materials- this court is unable to conduct a meaningful review or to grant the relief sought in the petition. In other words, without- providing this court with such materials, a petitioner is unable to demonstrate that he or she has a clear legal right to the relief requested. ;
. In this case, the trial court-- has not yet entered orders as to Veteto’s .pending motions. Additionally, Veteto has failed to comply with the requirements of Rule 21(a)(1)(E) and has not provided us with any means by which we ■ can conduct a meaningful review of the issues presented in his petition. Accordingly, the petition is dismissed.
PETITION DISMISSED. '
All the judges concur.