SHAW, Justice (dissenting).
The issue presented by this petition for the writ of mandamus is whether the trial court exceeded its discretion in failing to grant a motion to dismiss filed by the petitioner, American Sweeping, Inc. ("ASI"). In that motion ASI contended that the respondents' action was barred by the statute of limitations. ASI, however, has failed to provide this Court with a copy of that motion. I believe that this requires that the petition be dismissed; I thus respectfully dissent.
A petition for a writ of mandamus must contain "copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition." Rule 21(a)(1)(E), Ala. R. App. P. The Court of Civil Appeals has described the consequence of the failure to provide necessary materials as follows:
"[P]etitions for the writ of mandamus that do not comply with Rule 21(a)(1)(E) by failing to include certain materials, such as court orders and other parts of the record essential to our consideration of the request for relief, are due to be dismissed. Without such materials this court is unable to conduct a meaningful review or to grant the relief sought in the petition. In other words, without providing this court with such materials, a petitioner is unable to demonstrate that he or she has a clear legal right to the relief requested."
Ex parte Veteto, 230 So.3d 401, 404 (Ala. Civ. App. 2017) (citation omitted).
Caselaw also holds that our review of a mandamus petition "is limited to those facts that were before the trial court." Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002). Evidence that was "not presented to the trial court will not be considered in a mandamus proceeding." Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala. 2006). On *647 mandamus review, appellate courts will not issue the writ on a ground or based on a contention that was not presented to the trial court for its consideration. Ex parte Ebbers, 871 So.2d 776, 786 (Ala. 2003). Thus, it is critical that this Court know what was argued and presented to the trial court to determine whether that court exceeded its discretion.
As stated above, ASI's motion to dismiss, the denial of which we are called upon to review, is not attached to the petition as an exhibit, nor is it included in the other materials before us. We do not know what it alleged, what evidentiary exhibits were attached to it, or what legal authority was cited. In sum, we do not know the exact analysis the trial court was called upon to make or whether ASI properly supported its arguments. Under these circumstances, I find it impossible to determine whether the trial court was wrong, because I do not know what it was asked to consider.[6]
ASI does provide this Court with the respondents' opposition to the motion to dismiss. I note that it challenges ASI's "rendition of facts" as "incomplete/wrong." It does not tend to indicate what evidence was submitted in support of the motion to dismiss. I suppose from the opposition to the motion to dismiss we could make inferences as to what the motion argued; however, I do not believe that the standard of review on a mandamus petition, which generally requires a high burden of argument and support, allows us to make inferences in favor of a petitioner/movant.
There is evidence presented to this Court suggesting that the respondents knew, or should have known, that they had a potential claim against ASI before the statute of limitations ran, and the arguments in the petition are rather convincing. But we are not called upon to determine the applicability of the statute of limitations in the abstract; instead, we are asked to determine whether the trial court exceeded its discretion in denying ASI's motion to dismiss. I have to know what was provided and argued to the trial court before I can determine whether its decision was wrong.[7]
In light of the above, I respectfully dissent.
Bryan, J., concurs.

ASI may have had a good reason for failing to provide a copy of its motion. Unfortunately, in my opinion, it prevents proper review of this mandamus petition.

The dismissal of this petition for failure to comply with Rule 21(a)(1)(E) would not act as a bar to further litigation as to whether the statute of limitations applies in this action, and ASI could continue to litigate this issue. Cutler v. Orkin Exterminating Co., 770 So.2d 67, 69 (Ala. 2000) ("[T]he denial of relief by mandamus does not have res judicata effect.").